IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| DR. GWIN ANDERSON, OD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01047 |
| | ) JURY DEMANDED |
| STATE AUTOMOBILE MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| YOUNG AND ASSOCIATES, | ) |
| and ENGLE MARTIN & ASSOCIATES, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL OF A CIVIL ACTION BY DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

Comes now defendant, State Automobile Mutual Insurance Company, ("State Auto"), incorrectly sued as State Auto Property & Casualty Insurance Co, by and through counsel, pursuant to 28 U.S.C. § 1446, and hereby gives notice of removal of this action from the Chancery Court of Weakley County at Dresden, Tennessee, to the United States District Court for the Western District of Tennessee, Jackson Division, and alleges as follows:

1. On February 17, 2023, the Plaintiff, Dr. Gwin Anderson, OD, citizen of Tennessee, filed suit in the Chancery Court for Weakley County at Dresden, Tennessee under docket no. 25552 naming State Auto as a Defendant ("the Chancery Court suit"). A copy of the Chancery Court suit filed by the Plaintiff is attached as **Exhibit A**.

2. State Auto was served with the Circuit Court suit on February 24, 2023, through the Tennessee Department of Commerce and Insurance pursuant to Tenn. Code Ann. § 56-2-504.

3. No further proceedings have been had in the Chancery Court suit.

4. The entire amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00). In particular, Plaintiff alleges, among other things, breach of contract regarding an insurance policy against State Auto seeking damages not less than $13,000,000.00.

5. This Court also has jurisdiction over this matter under 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between the Plaintiff and the real party defendant to this action.

6. Defendant State Auto, for purposes of diversity jurisdiction, is a citizen of Ohio, where it is incorporated, with its principal place of business in Ohio.

7. Although Plaintiff also names as defendants Young and Associates and Engle Martin & Associates, neither are citizens of Tennessee. Engle Martin & Associates has its principle place of business in Georgia and is incorporated in Georgia. Young and Associates is not registered as an entity with the State of Tennessee and is instead incorporated in Missouri and has its principal place of business in Missouri. Thus, Young and Associates is not a citizen of Tennessee. Therefore, their inclusion does not defeat diversity jurisdiction.

8. Plaintiff includes reference to and what appears to be allegations against Young and Associates employees, Chris Williams and Matt Buckner in another attempt to defeat diversity. State Auto cannot clearly articulate who Plaintiff is seeking to join in this lawsuit and out an abundance of caution, State Auto would inform the Court that these two individuals are citizens of Tennessee but their inclusion also does not defeat diversity jurisdiction because they have been fraudulently joined by Plaintiff in an attempt to defeat the diversity jurisdiction of this Court as there is no colorable cause of action

against either, Chris Williams or Matt Buckner under Tennessee state law.

9. It is well-established that removal cannot be defeated by a plaintiff's improper or fraudulent joinder of a party. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sell v. Volkswagen of Am., Inc., 505 F.2d 953, 955 (6th Cir. 1974) (affirming trial court's denial of motion to remand and upholding diversity jurisdiction where a named defendant was joined "as a procedural tactic to destroy diversity of citizenship"); Coyne ex rel. Ohio v. Am. Tobacco Co., 183 F.3d 488 (6th Cir. 1999) (finding sufficient evidence for the district court to conclude that plaintiffs could not have established a cause of action against the non-diverse defendants under state law, thereby permitting removal).

10. To establish fraudulent joinder, State Auto must demonstrate that "a plaintiff could not have established a cause of action against [the] non-diverse defendant[]"—in this case, Young and Associates, Engle Martin & Associates, or should the Plaintiff have intended to sue Young and Associates employees, Chris Williams, and Matt Buckner. Evans v. Arise Inc., No. 08-CV-1177, 2008 WL 5429835, at *3 (W.D. Tenn. Dec. 30, 2008).

11. All claims against Engle Martin & Associates and those directed at Young and Associates or its employees, Chris Williams and Matt Buckner, hinge on a single core premise: the alleged violation of the Fraudulent Insurance Act, Tenn. Code Ann. § 56-53-103(a)(1). (See Compl. at ¶¶ 23-27.)

12. However, case law has shown that the Fraudulent Insurance Act does not apply to any of the parties whatsoever. The act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to

commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

**(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

**(A)** The application for, rating of, or renewal of, any insurance policy;
**(B)** A claim for payment or benefit pursuant to any insurance policy;
**(C)** Payments made in accordance with the terms of any insurance policy; or
**(D)** The application for the financing of any insurance premium;

**(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

**(A)** The solicitation for sale of any insurance policy or purported insurance policy;
**(B)** An application for certificate of authority;
**(C)** The financial condition of any insurer; or
**(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer; or

**(3)** Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency of which the person recklessly disregards.

T.C.A. § 56-53-103 (Lexis Advance through the 2022 Regular Session). The act does not apply to experts, consultants, or engineers hired by insurance companies; it applies to insureds or policyholders only, and there are no allegations that Engle Martin & Associates, Young and Associates, Chris Williams, or Matt Buckner are policyholders of State Auto. The act only applies to insureds knowingly making false representations to insurers, which has not been alleged here. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021).

13. Because the alleged cause of action against Engle Martin & Associates, Young and Associates and/or Chris Williams and Matt Buckner, is regarding an inapplicable statute, the Plaintiff's Complaint against Engle Martin & Associates, Young and Associates, Chris Williams, and Matt Buckner fails in its entirety. See Fed. R. Civ. P. 12(b)(6). Essentially, the Plaintiff's Complaint cannot survive a Rule 12 motion to dismiss for failure to state a claim filed and argued by Engle Martin & Associates, Young and Associates, Chris Williams, or Matt Buckner. Without the allegations and single cause of action against Engle Martin & Associates, Young and Associates, Chris Williams, and Matt Buckner, complete diversity would exist. It is clear that Plaintiff named the additional defendants solely to defeat diversity jurisdiction.

14. As Engle Martin & Associates, Young and Associates, Chris Williams, and Matt Buckner have been fraudulently joined, diversity jurisdiction obtains. See, e.g., Coyne, 183 F.3d at 493 (concluding that plaintiff's failure to "plead viable state law causes of action against the local defendants" supported district court's denial of plaintiff's motion to remand on the basis of fraudulent joinder); Garner v. SDH Servs. E., LLC, 55 F.Supp.3d 1016, 1027 (M.D. Tenn. 2014) (finding removing defendants properly removed case, notwithstanding lack of complete diversity at the time of removal, due to plaintiff's fraudulent joinder of another defendant); Davis v. Franklin Am. Mortg. Co., No. 3:16-cv-02819, 2017 WL 3172743 at *5 (M.D. Tenn. July 26, 2017) ("The remedy for fraudulent joinder is dismissal of the claims against the non-diverse defendant."); Hagen v. U-Haul Co. of Tenn., 613 F.Supp.2d 986, 994 (W.D. Tenn. 2009) (because plaintiffs do not allege facts that would either directly or inferentially establish the material element of duty, they have not presented a claim for negligence against defendants and cannot prove a cause

of action against non-diverse defendants under Tennessee law).

15. On March 24, 2023, counsel for co-defendant Young and Associates and its employees, Chris Williams and Matt Buckner, provided verbal consent to remove this action to the United States District Court for the Western District of Tennessee at Jackson.

16. Consent to removal by Engle Martin & Associates is not required, as consent is not required from parties who are not properly joined. See Chamber v. HSBC Bank USA, N.A., 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, however, § 1446(b)(2) only requires the consent of *properly* joined defendants; the consent of a defendant that has been *fraudulently* joined is not necessary.") (emphasis in original; internal citations omitted). Additionally, Engle Martin & Associates, and Chris Williams and Matt Buckner individually, have not been served with the Complaint. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added.).

18. Therefore, this Court has diversity jurisdiction over this action.

**WHEREFORE**, State Auto gives Notice of the removal of this action from the Chancery Court for Weakley County at Dresden, Tennessee, to the United States District Court for the Western District of Tennessee, Jackson Division. State Auto demands a constitutional jury to try this cause.

Date: March 27, 2023

Respectfully submitted,


s/Matthew B. Rogers_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT:  (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, State Automobile
Mutual Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

# CERTIFICATE OF SERVICE

       I hereby certify that on this 27th day of March, 2023, a true and correct copy of the foregoing NOTICE OF REMOVAL OF A CIVIL ACTION BY DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire  
The Berkley Law Firm, PLLC  
1255 Lynnfield Road, Suite 226  
Memphis, TN 38119  

Michael Stephens, Esquire  
Jenkins & Kling, P.C.  
150 North Meramec Ave.  
Suite 400  
St. Louis, MO 63105  

Grace Fox, Esquire  
Sims Funk, PLC  
3322 West End Ave., #200  
Nashville, TN 37203  

Engle Martin & Associates, LLC  
5565 Glenridge Connector Ste 900  
Atlanta, GA 30342-4797  

                                              s/Matthew B. Rogers  
                                              **MATTHEW B. ROGERS**

PTC:  
MBR:mbr