**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT JACKSON**

**DR. GWIN ANDERSON, OD,**

**Plaintiff,**

**v.** **No. 1:23-cv-01047**
**JURY DEMANDED**

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, YOUNG AND ASSOCIATES, and ENGLE MARTIN & ASSOCIATES,**

**Defendants.**

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT ITS MOTION FOR PARTIAL DISMISSAL**

Comes now Defendant, State Automobile Mutual Insurance Company ("State Auto"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its memorandum of law in support of its Motion for Partial Dismissal of the Plaintiff's Complaint would respectfully state as follows:

## FACTUAL SUMMARY

This is an insurance action. On or about February 17, 2023, the Plaintiff filed a civil action in the Chancery Court for Weakley County, Tennessee against State Auto and Young and Associates ("YA"), and Engle Martin & Associates ("EMA") styled *Dr. Gwin Anderson, OD v. State Auto Property & Casualty Insurance Co, et al.*, Case No. 25552. (Doc. 1-1.) State Auto was served through the Commissioner of Insurance on February 24, 2023. (Id.) State Auto timely removed this action from the Chancery Court for Weakley County, Tennessee to the United States District Court for the Western District of Tennessee on March 27, 2023 on the basis of diversity jurisdiction. (Doc. 1.) State Auto

also asserted before this Court that EMA, and YA and/or its employees, had been fraudulently joined as Defendants for the sole purpose of attempting to defeat diversity jurisdiction. (Id.)

Plaintiff has sued State Auto for various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act[1] (Tenn. Code Ann. § 56-53-103). (See generally, Doc. 1-1.) Plaintiff's allegations in Count I and Count II should be dismissed as appraisal is currently ongoing, and the insured's appraiser and State Auto's appraiser have signed a Declaration of Appraisers selecting Luke Bowman as the umpire in September 2022. (See **Exhibit B** attached to Motion). Additionally, Plaintiff has attached sufficient documents to the Complaint evidencing State Auto's good faith and expeditious compliance with the insurance policy's appraisal clause, and other relevant terms and provisions of the policy. (See Doc. 1-1, at PageID # 117-24) ("Appraisal Acknowledgment / Partial Declination of Coverage" letter agreeing to appraisal, appointing an appraiser for the appraisal process, and sent this notice to the Plaintiff's Public Adjuster within seven (7) days of the demand for appraisal). For these reasons alone, Count I and Count II should be dismissed as moot since State Auto has complied with the appraisal clause, appraisal is ongoing, and an umpire has been selected.

Plaintiff's allegations against State Auto regarding the Unlawful Insurance Act ("the Act") are pleaded in the Plaintiff's Complaint as follows:

> 24. Defendants staff adjuster, Jennifer Stivers, made false statements and material misrepresentations of facts and policy coverage terms to the insured and Plaintiffs insurance professional / practitioner, in her July 22,

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act". See Tenn. Code Ann. § 56-53-103.

> 2022 letter … Stivers attempts to circumvent the appraisal process … she again provides material misrepresentation of coverage and terms … and Stivers knew full well that all of these statements were untruthful misrepresentations of policy coverage and that she was intentionally conflating and presenting existing conditions as actual causes of loss, and that none of the potential exclusions she listed in the letter actually applied to the loss, nor had any of them been claimed or submitted to Defendants; as such, Mrs. Stivers actions constitute violations of the Fraudulent Insurance Act found at §56-53-103(a)(1) and has wrongfully delayed or denied the payment of insurance benefits to Plaintiff.

(Doc. 1-1, at PageID # 18-20, ¶ 24). These facts, as alleged by Plaintiff, does not constitute violations of the Act because the portion of the Act cited by Plaintiff does not apply to insurers; rather, it applies to insureds.

## LAW AND ARGUMENT

A defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

State Auto has attached to the Motion as **Exhibit A**, a certified copy of policy no. BOP9592386 ("Policy") and **Exhibit B**, a fully executed Declaration of Appraisers appointing an umpire pursuant to the Policy.  A court may consider documents attached to the motion if the documents are referred to in the complaint and are central to the claims asserted. Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997). Here, Plaintiffs' Petition refers to and relies upon the Policy and an Assignment of Insurance Claim. Consequently, the Court may consider the contents of these documents. In the event of

a conflict between the document and the characterization of the document in the Complaint, the contents of the document controls for the purpose of evaluating the motion to dismiss. See, e.g., Dangerfield v. WAVY Broad., LLC, 228 F. Supp. 3d 696, 702 n.3 (E.D. Va. 2017). "[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." J-Line Pump Co. v. Chand, No. 13-2842, 2014 U.S. Dist. LEXIS 95016, at *7 (W.D. Tenn. July 14, 2014) (quoting Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007)).

## A.   COUNT I AND II OF THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS APPRAISAL IS ONGOING AND AN UMPIRE HAS BEEN SELECTED BY THE APPRAISERS

Plaintiff has sued to compel appraisal and appoint an umpire, and included a count for umpire qualifications, for the insurance policy's appraisal process. (See generally, Doc. 1-1). However, State Auto complied with the appraisal clause of the policy by agreeing to appraisal and appointing an appraiser within seven (7) days of the demand for appraisal. (See Doc. 1-1, at PageID # 117-24). Those appraisers eventually settled on an umpire and made the umpire appointment in writing. (See **Exhibit B** attached to Motion). The policy's appraisal clause provides that "[t]he two appraisers will select an umpire." (**Exhibit A**, PDF Page 52 of 112, ¶ 2).

Thus, State Auto agreed to enter appraisal, appraisal is currently ongoing, and the insured's appraiser and State Auto's appraiser have signed a Declaration of Appraisers selecting Luke Bowman as the umpire in September 2022. (See **Exhibit B** attached to Motion). Additionally, there are no allegations in the Complaint that the mutually selected umpire is not qualified to serve, impartial, biased, or the agreement was entered into

under fraud, duress, or mistake. (See Doc. 1-1). For these reasons, Count I and Count II should be dismissed for failure to state a claim, and moot, since State Auto has complied with the appraisal clause, appraisal is ongoing, and an umpire has been selected.

## B. COUNT V SHOULD BE DISMISSED WITH PREJUDICE AS IT DOES NOT APPLY TO STATE AUTO

State Auto seeks dismissal of the Plaintiff's claims with respect to alleged violations of the Act because the facts as pleaded do not amount to any violations of the act by State Auto. The Act has two distinct sections with very different verbiage in each. The first section cited by the Plaintiffs provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> > **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
> >
> > > **(A)** The application for, rating of, or renewal of, any insurance policy;
> > >
> > > **(B)** A claim for payment or benefit pursuant to any insurance policy;
> > >
> > > **(C)** Payments made in accordance with the terms of any insurance policy; or
> > >
> > > **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act cited above does not apply because this section of the Act applies to insureds or policyholders, not insurers. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium.

First, this portion of the Act clearly only applies to persons presenting information by or on behalf of an insured or claimant. Neither State Auto or its employee Ms. Stivers, are presenting any information by an insured or on behalf of an insured. This portion of the Act would most likely apply to a public adjuster representing a Plaintiff in a claim for insurance benefits. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276,

2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This section of the Act cannot apply to State Auto because it applies to an insured submitting allegedly false information for the purposes of receiving insurance benefits under a claim on a policy of insurance. Furthermore, this section of the Act cannot apply to State Auto because it is not a person submitting allegedly false information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. This portion of the Act is clearly inapplicable, and the Plaintiff's claims for State Auto's alleged violations of the Act must fail.

The second pertinent part of the Act provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance,

has committed an unlawful insurance act:

> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> > **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
> >
> > **(B)** An application for certificate of authority;
> >
> > **(C)** The financial condition of any insurer; or
> >
> > **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is clearly inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it only applies to the sale of an insurance policy or the solicitation for sale of an insurance policy; an application for certificate of authority; the financial condition of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiff's Complaint is devoid of any facts that would fall under any one of these four factual scenarios that could permit the Plaintiff to pursue an allegation of the Act under the particular verbiage of the Act. The Plaintiff's Complaint has absolutely nothing to do with the sale of an insurance policy, which is what this section of the act typically applies to. Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 U.S. Dist. LEXIS 3538, at *29 (W.D. Tenn. Jan. 13, 2011) ("Under Tennessee law, an insurer that '[p]resents, causes to be presented, or prepares with knowledge or belief

that it will be presented' in a solicitation for sale of an insurance policy 'any information that the [insurer] knows to contain false representations, or representations the falsity of which the [insurer] has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact' has committed an unlawful insurance act."). Considering the Plaintiff's Complaint does not involve any alleged misrepresentations that induced a person or persons to purchase an insurance policy, this portion of the Act is clearly inapplicable, and the Plaintiff's claims for State Auto's alleged violations of the Act must fail. Considering the Plaintiff's claims against State Auto for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to State Auto.

## CONCLUSION

For all reasons stated above and in State Auto's Motion, Plaintiff's claims as to Count I and Count II fail and should be dismissed, with prejudice, since State Auto agreed to appraisal without hesitation, an umpire has been selected between the appraisers, and appraisal is ongoing. Plaintiff's claims as to the alleged violation of the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103) should be dismissed as to State Auto, with prejudice as any factual allegations, even if true, fail to come within the scope of the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103). Accordingly, State Auto seeks dismissal of Count I, II, and V of Plaintiff's Complaint.

Respectfully submitted,

s/Matthew B. Rogers_
**PARKS T. CHASTAIN**
Registration No. 13744

DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT: (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendant, State Automobile Mutual Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2023, a true and correct copy of the foregoing STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Grace Fox, Esquire
Sims Funk, PLC
3322 West End Ave., #200
Nashville, TN 37203

Regina VanCleave
Weakley County Chancery Court Clerk
P.O. Box 197
Dresden, TN 38225

s/Matthew B. Rogers
**MATTHEW B. ROGERS**

PTC:
MBR:mbr

NaN