# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| DR. GWIN ANDERSON, OD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-01047 |
| | ) JURY DEMANDED |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, YOUNG AND ASSOCIATES, and ENGLE MARTIN & ASSOCIATES, | ) |
| Defendants. | ) |

## ENGLE MARTIN & ASSOCIATES, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant, Engle Martin & Associates, LLC ("EMA"), incorrectly sued as Engle Martin Associates, by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its memorandum of law in support of its Motion to Dismiss, would respectfully state as follows:

## FACTUAL SUMMARY

This is an insurance action. On or about February 17, 2023, the Plaintiff filed a civil action in the Chancery Court for Weakley County, Tennessee against State Automobile Mutual Insurance Company ("State Auto"), Young and Associates ("YA"), and EMA styled *Dr. Gwin Anderson, OD v. State Auto Property & Casualty Insurance Co, et al.*, Case No. 25552. (Doc. 1-1.) Plaintiff has sued EMA, and other named defendants for various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the

Fraudulent Insurance Act ("the Act")[1] (Tenn. Code Ann. § 56-53-103). (See generally, Doc. 1-1.) However, Plaintiff's Complaint is factually deficient as to EMA, and fails to assert any cause of action against EMA. The only place EMA is referenced in the entire Complaint is in the style, and no other references in the Complaint can be construed to refer to EMA. (See Id.).

## LAW

A defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler

---

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act". See Tenn. Code Ann. § 56-53-103.

v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

## **ARGUMENT**

EMA seeks dismissal of Plaintiff's entire Complaint. Plaintiff has pleaded no factual allegations against EMA that would entitle Plaintiff to any relief. The entire Complaint is devoid of any factual allegations directed at EMA such that EMA is not listed anywhere in the Complaint, other than in the style of the case. Additionally, all other causes of action in the Complaint are directed at other defendants and there are no allegations that could be construed as directed towards EMA. For these reasons alone, the Complaint should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

In the event Plaintiff intended the cause of action regarding the alleged violations

of the Act to be directed at EMA, despite the failure to name EMA, this too fails as the facts as pleaded do not amount to any violations of the act by EMA. The Act has two distinct sections with very different verbiage in each. The first section cited by the Plaintiff provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> > **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
> >
> > > **(A)** The application for, rating of, or renewal of, any insurance policy;
> > >
> > > **(B)** A claim for payment or benefit pursuant to any insurance policy;
> > >
> > > **(C)** Payments made in accordance with the terms of any insurance policy; or
> > >
> > > **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act cited above does not apply because this section of the Act applies to insureds or policyholders, not insurers. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company

… any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium.

First, this portion of the Act clearly only applies to persons presenting information by or on behalf of an insured or claimant. EMA did not present any information by an insured or on behalf of an insured as EMA was retained by State Auto. This portion of the Act would most likely apply to a public adjuster representing a Plaintiff in a claim for insurance benefits. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance

professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); <u>Monumental Life Ins. Co. v. Puckett</u>, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); <u>Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC</u>, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); <u>UnitedHealthCare Servs. v. Team Health Holdings, Inc.</u>, No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This section of the Act cannot apply to EMA because it applies to an insured or policyholder submitting allegedly false information for the purposes of receiving insurance benefits under a claim on a policy of insurance. Furthermore, this section of the Act cannot apply to EMA because it is not a person submitting allegedly false information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. This portion of the Act is clearly inapplicable, and the Plaintiff's claims for EMA's alleged violations of the Act, if any, must fail.

The second pertinent part of the Act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>
> **(B)** An application for certificate of authority;
>
> **(C)** The financial condition of any insurer; or
>
> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is clearly inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it only applies to the sale of an insurance policy or the solicitation for sale of an insurance policy; an application for certificate of authority; the financial condition of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiff's Complaint is devoid of any facts that would fall under any one of these four factual scenarios that could permit the Plaintiff to pursue an allegation of the Act under the particular verbiage of the Act. The Plaintiff's Complaint has absolutely nothing to do with the sale of an insurance policy, which is what this section of the act typically applies to. Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 U.S. Dist. LEXIS 3538, at *29 (W.D. Tenn. Jan. 13, 2011) ("Under Tennessee law, an insurer that '[p]resents, causes to be presented, or prepares with knowledge or belief that it will be presented' in a solicitation for sale of an insurance policy 'any information that the [insurer] knows to contain false representations, or representations the falsity of which the [insurer] has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact' has committed an unlawful insurance act."). Considering the Plaintiff's Complaint does not involve any alleged misrepresentations that induced a

person or persons to purchase an insurance policy, this portion of the Act is clearly inapplicable, and the Plaintiff's claims for any alleged violations of the Act by EMA, if any, must fail. Considering the Plaintiff's claims, even if construed against EMA, for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to EMA.

Lastly, Counts I, II, and III cannot be directed at EMA since they are directed at State Auto only and EMA is not an insurance provider. Count IV does not apply to EMA since there are no factual allegations against EMA in the Complaint, much less allegations that EMA was reckless.

## CONCLUSION

For all reasons stated above and in EMA's Motion, Plaintiff's Complaint should be dismissed, with prejudice.

Respectfully submitted,

s/Matthew B. Rogers_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT: (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**MATTHEW B. ROGERS**
Registration No. 038777
DIRECT: (615) 630-7725
(615) 256-8787, Ext. 121
mrogers@bkblaw.com
Attorneys for Defendants, State Automobile
Mutual Insurance Company and Engle Martin
& Associates, LLC

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## CERTIFICATE OF SERVICE

       I hereby certify that on this 3rd day of April, 2023, a true and correct copy of the foregoing ENGLE MARTIN & ASSOCIATES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Grace Fox, Esquire
Sims Funk, PLC
3322 West End Ave., #200
Nashville, TN 37203

Regina VanCleave
Weakley County Chancery Court Clerk
P.O. Box 197
Dresden, TN 38225

                                      s/Matthew B. Rogers
                                      **MATTHEW B. ROGERS**

PTC:
MBR:mbr