UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | | |
|---|---|---|
| DR. GWIN ANDERSON, OD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01047-JDB-jay |
| | ) | JURY DEMAND |
| STATE AUTOMOBILE MUTUAL | ) | |
| INSURANCE COMPANY, YOUNG AND | ) | |
| ASSOCIATES and ENGLE MARTIN | ) | |
| & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

### R.L. YOUNG, LLC'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW R.L. Young, LLC ("YA"),[1] by and through undersigned counsel, and respectfully submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Gwin Anderson's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

### INTRODUCTION

Perhaps the most notable feature of Plaintiff's Complaint is what it does not contain. Plaintiff has purported to sue "Young & Associates" (an entity that does not exist) based on conclusory allegations regarding the conduct of its alleged agents, Chris Williams and Matt Buckner. Plaintiff does not include any allegations regarding the specific conduct. Instead, Plaintiff merely attempts to recite the elements of an inapplicable Tennessee statute pursuant to which he

---

[1] Despite the fact that Plaintiff handwrote "Young & Associates" in as a defendant in this matter, Young & Associates is not an actual entity. The entity to whom Plaintiff delivered the Complaint is R.L. Young, LLC, which appears to be the entity whom Plaintiff intended to include as a party.

1

purports to sue YA. Without more, Plaintiff has not and cannot meet his burden under Fed. R. Civ. P. 12(b)(6). What is more, Plaintiff's barebone and legally insufficient allegations demonstrate that Plaintiff has only included YA as a party in this lawsuit as an attempt to defeat diversity jurisdiction. For all of these reasons, Plaintiff's Complaint against YA should be dismissed.

## FACTUAL BACKGROUND[2]

As background, YA is a damage repair estimating company that provides damage estimates to insurance companies and adjusters. At all relevant times, Chris Williams ("Williams") worked for YA and Matt Buckner ("Buckner") worked for YA's affiliate YAES Corp. Engle Martin & Associates ("Engle Martin"), the adjuster, retained YA's services to prepare an estimate in connection with the damaged properties owned by Plaintiff located at 119 N. Poplar Street, Dresden, Tennessee 38225 and 121-126 N. Poplar Street, Dresden, Tennessee 38225 (collectively, the "Properties"). When retained by an insurance company or adjuster, YA assigns consultants to work the loss. In connection with the loss at the Properties, YA assigned Williams and Buckner.

On or about May 4, 2022, after being retained by Engle Martin, Williams and Buckner conducted a site visit at the Properties. (Complaint ¶ 5.) Williams and Buckner prepared two reports for Engle Martin regarding the estimated cost of damage to Plaintiff's Properties. Buckner, an engineer, issued a Scope of Damage report, and Williams issued a detailed estimate report to Engle Martin, both of which are attached to Plaintiff's Complaint. (Complaint ¶¶ 6, 7; *see also* Complaint, Exhibits 2, 4, and 5.)

Plaintiff alleges – without any specificity – that the reports submitted by YA to Engle Martin contain false information. (Complaint ¶¶ 6-7; *see also* ¶¶ 26-27.) Plaintiff does not identify

---

[2] For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), YA has treated Plaintiff's factual allegations as true. YA disputes the veracity of many, if not all, of Plaintiff's allegations.

what aspects of Buckner's or Williams's reports are incorrect, false, or otherwise fraudulent. (*See generally*, Complaint.) Despite purporting to plead five causes of action, the only cause of action that Plaintiff has pleaded against YA is one under "Tennessee's insurance fraud statute," which Plaintiff identifies as Tenn. Code Ann. § 56-53-101. (Complaint ¶¶ 26-27.)

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether plaintiff's allegations state a claim for relief. Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Despite that posture, a court may reject legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). The Court should also consider the allegations in Plaintiff's complaint under Federal Rule of Civil Procedure 8. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).

To survive a motion to dismiss, Plaintiff must allege facts that are enough "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, at 555, 570. "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, at 678.

## ARGUMENT

Plaintiff's Complaint is deficient and should be dismissed for two, independent reasons: first, Plaintiff cannot state a claim against YA under Tenn. Code Ann. § 56-53-101(a)(1) as a matter of law; and second, even if Plaintiff could pursue a claim against YA under Tenn. Code Ann. § 56-53-101(a)(1), Plaintiff failed to plead his fraud claim with the required particularity. As a result, Plaintiff's Complaint against YA should be dismissed.

**I.  Tenn. Code Ann. § 56-53-103(a)(1) does not create a cause of action against the agent of an insurer.**

Plaintiff generally contends that the reports submitted by YA to Engle Martin contained false information and constituted actionable conduct pursuant to Tenn. Code Ann. § 56-53-103(a)(1). (*See* Complaint ¶¶ 26-27.) But Tenn. Code Ann. § 56-53-103 – titled "Unlawful Insurance Act" – does not create a cause of action by an insured against an insurer, much less the alleged agent of the insurer. In fact, it creates the reverse, namely, a cause of action *against* an insured or someone acting on behalf of an insured.

Tenn. Code Ann. § 56-53-103(a)(1) prohibits a party from presenting information containing false representations related to a claim for payment "*on behalf of an insured*…to an insurer." (Emphasis added). In other words, the statute on its face does not apply to conduct by an agent of an *insurer*.

What is more, the case law applying to this section of Tennessee's insurance code confirms that this section applies to information presented by the insured or on behalf of the insured to an insurer. *See Cantrell v. Yates Servs., LLC*, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016); *see also Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-CV-00276, 2019 WL 4963230, at

4

*2 (M.D. Tenn. Oct. 8, 2019) (insurer sued insured for making materially false representations to the insurer under Tenn. Code. § 56-53-103(a)); *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, No. 2:16-CV-2817, 2021 WL 8442022, at *3 (W.D. Tenn. Sept. 21, 2021) (insurer sued insured for fraudulent insurance claims under Tenn. Code. § 56-53-103(a)(1)); *Unitedhealthcare Servs., Inc. v. Team Health Holdings, Inc.,* No. 321CV00364DCLCJEM, 2022 WL 1481171, at *7 (E.D. Tenn. May 10, 2022) (insurer sued medical logistics company that billed claims to insurers and claims administrators on behalf of the insured for "upcoding" under Tenn. Code. § 56-53-103).

Simply put, Plaintiff cannot sue YA under Tenn. Code. § 56-53-103(a)(1) because such provision of the statute is inapplicable to YA, which is a third-party damage repair estimating company that does not provide services to insured persons. By Plaintiff's own allegation, State Auto retained YA's services, and YA "operated as an agent of State Auto to inspect the property in early May 4, 2022."[3] (Complaint, ¶ 5.) YA could not have presented false information on behalf of the insured because YA did not work for nor was YA retained by Plaintiff. (*See id.*) Section (a)(1) is limited to information presented by or on behalf of the insured and therefore, the factual circumstances that Plaintiff complains of in this matter do not – and cannot – amount to a violation of this statute by YA.

**II. Even if Plaintiff proceeded with a claim pursuant to Tenn. Code Ann. § 56-53-103 or common law fraud, Plaintiff has not pleaded the alleged fraud by YA with the requisite particularity.**

---

[3] Despite the fact that YA was retained by Engle Martin, YA must take as true Plaintiff's erroneous assert that YA was retained by State Auto. Even taking Plaintiff's erroneous allegations as true and assuming YA was retained by State Auto, YA still cannot be sued under this statute because State Auto is the insurer and Engle Martin is the adjuster, neither of which are the insured.

Even if Plaintiff could sue YA under Tenn. Code Ann. § 56-53-103 (which it cannot) or reframed his allegations as a common law fraud claim, Plaintiff fails to plead any facts with specificity against YA. As a result, Plaintiff's claim against YA should be dismissed.

All fraud claims are subject to Fed. R. Civ. P. 9(b)'s particularity requirement. Under Rule 9(b), a plaintiff asserting a fraud claim must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's state of mind may be alleged generally." Fed. Rule Civ. P. 9(b). Courts have interpreted Rule 9 to require Plaintiffs to allege the who, what, when, where, and how of the alleged fraud, including the alleged misrepresentations by the defendant. *See Wall v. Michigan Rental*, 852 F.3d 492, 495 (6th Cir. 2017); U.*S. ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007); *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). A plaintiff may only plead fraud upon information and belief if the facts at issue are solely in the opposing party's knowledge or control. *See, e.g.*, *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). "In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993)). Plaintiff's barebones and conclusory allegations cannot meet this burden for two reasons: first, Plaintiff has not even pleaded the required elements of Tenn. Code Ann. § 56-53-103(a)(1); and second, Plaintiff has not pleaded *any* facts in support of his claim for fraud.

***First,*** even accepting the application of Tenn. Code Ann. § 56-53-103(a)(1), Plaintiff's claims should be dismissed because he has not pleaded the minimum statutory elements, even in

a conclusory fashion. Plaintiff has not included any allegations that (1) information provided by Williams or Buckner (as alleged agents of YA) was "material"; (2) YA (or even Williams or Buckner) knew that the information they provided contained false statements; or (3) the falsity of any such representations were "recklessly disregarded" by YA. (*See generally*, Complaint.) Plaintiff did not include any such allegations despite the fact that Tenn. Code. § 56-53-103(a)(1) specifically contains such elements. *See* Tenn. Code Ann. § 56-53-103(a)(1) ("Any person who commits. . . .any of the following acts with an intent to induce reliance, has committed an unlawful insurance act: (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer . . . any information that the person ***knows to contain false representations***, or ***representations the falsity of which the person has recklessly disregarded***, as to ***any material fact***, or that withholds or conceals ***a material fact***. . .") (emphasis added). As a result, Plaintiff's claim against YA should be dismissed as a matter of law.

***Second***, even if Plaintiff abandoned Tenn. Code Ann. § 56-53-103 and purported to state a general claim of fraud against YA, Plaintiff still has not met the heightened pleading requirements. Plaintiff has not identified the "who, what, when, where, and how" of the alleged fraud. (Complaint ¶¶ 26-27.) *See Wall v. Michigan Rental*, 852 F.3d 492, 495 (6th Cir. 2017). Pursuant to Tennessee law, a plaintiff must show the following elements to prevail on a claim for fraud:

> (1) that [the defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [the defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that the [plaintiff] reasonably relied on the representation; and (6) that [the plaintiff was] damaged by relying on the representation."

*Davis v. McGuigan*, 325 S.W.3d 149, 154 (Tenn. 2010). Here, Plaintiff has neither pleaded those six elements (even in a rote manner), nor included factual information sufficient for YA to respond in any meaningful way. Just as in *Construction Management Inc. v. Expo Hospitality, LLC*, No. 3:19-cv-00298, 2019 WL 2917991, at *1 (M.D. Tenn. July 8, 2019), Plaintiff has not identified which particular misrepresentations Buckner or Williams made (allegedly on behalf of YA). As the Court noted in *Construction Management Inc.*,

> Without a clear identification of the allegedly false statements and their speakers, one cannot effectively assert the elements of falsity, materiality, knowledge, or reasonableness of reliance. Without at least some sense of the timing of the statements—and, therefore, their context within the parties' course of business—one cannot effectively assert materiality, reliance, or damages.

*Id.*, at *5

In fact, Plaintiff's own Complaint contradicts his allegation of fraud. Plaintiff pleaded that Williams and Buckner were retained by State Auto to estimate the cost of the alleged damage to the Properties. (Complaint ¶ 5.) Plaintiff has only alleged that Williams and Buckner did not identify unspecified damages. Plaintiff fails to allege that the unidentified damages by Williams and Buckner (*see* Complaint ¶¶ 26-27) were caused by the event pursuant to which Plaintiff submitted a claim to his insurer. (*See id.*) In other words, Plaintiff has neither identified the specific missed damage at issue nor connected it to the event that served as a basis for his claim to State Auto. Simply pleading that there was some damage to the Properties visible to the naked eye is inadequate to plead, much less infer, that Williams[4] or Buckner made misrepresentations or recklessly disregarded the falsity of their representations. Such allegations are insufficient to

---

[4] It is also important to note that Plaintiff misquoted Williams' estimate. Plaintiff alleged that Williams stated in his estimate that "*no damage was observed,*" when Williams actually stated in his estimate that: "[c]osmetic condition of roof at time of inspection matches historical imagery of building exterior in 2012. *No structural damages observed*." (Complaint, Exhibit 4 (emphasis added).)

survive Fed. R. Civ. P. 9(b)'s specificity requirement. As a result, even if Plaintiff were pursuing a claim for common law fraud, Plaintiff's claim against YA should be dismissed.

## CONCLUSION

There is no law that authorizes Plaintiff's cause of action against YA, and it is clear that Tenn. Code § 56-53-103(a)(1) is inapplicable to YA. Accordingly, Plaintiff has not and cannot state a claim under Tenn. Code § 56-53-103(a)(1), and there is no reasonable basis on which this Court may predict a possibility of recovery against YA. Based on the foregoing, the Complaint should be dismissed.

Respectfully submitted,

*s/ Grace A. Fox*
Grace A. Fox (#037367)
SIMS|FUNK, PLC
3322 West End Avenue, Ste. 200
Nashville, TN 37203
(615) 292-9335
gfox@simsfunk.com

Michael P. Stephens (*pro hac vice* to be filed)
Katherine I. McLaughlin (*pro hac vice* to be filed)
JENKINS & KLING, P.C.
150 N. Meramec Avenue, Ste. 400
St. Louis, MO 63105
(314) 721-2525
mstephens@jenkinskling.com
kmclaughlin@jenkinskling.com
*Counsel for R.L. Young, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and exact copy of the foregoing was served on the following individuals via the Court's CM/ECF system on April 3, 2023:

| | |
|---|---|
| Drayton D. Berkley<br>DRAYTON D. BERKLEY<br>1255 Lynnfield Road, Suite 266<br>Memphis, TN  38119<br>attorneyberkley@gmail.com<br><br>*Attorney for Plaintiff* | Matthew Blake Rogers<br>BREWER KRAUSE BROOKS &<br>CHASTAIN, PLLC<br>545 Mainstream Drive, Suite 101<br>Nashville, TN  37228<br>mrogers@bkblaw.com<br><br>*Attorney for Defendant State Automobile Mutual Insurance Company* |

And via U.S. Mail, postage prepaid on

Regina VanCleave
WEAKLEY COUNTY CHANCERY COURT CLERK
P.O. Box 197
Dresden, TN  38225


                *s/ Grace A. Fox*