IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GWIN ANDERSON, OD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-1047-JDB-jay |
| | ) | |
| STATE AUTOMOBILE MUTUAL | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Before the Court are the April 3, 2023, motions of the Defendants, State Automobile Mutual Insurance Company ("State Auto") (Docket Entry ("D.E.") 10), Engle Martin and Associates ("EMA") (D.E. 11), and R.L. Young, LLC, named in the complaint as Young & Associates ("YA") (D.E. 12), to dismiss either all or parts of Plaintiff, Dr. Gwin Anderson, OD's ("Anderson") complaint (D.E. 1-1 at PageID 13). Plaintiff has responded (D.E. 27-1) and Defendants replied (D.E. 30–32). For the following reasons, State Auto's motion is GRANTED in part and the motions of EMA and YA are GRANTED. Furthermore, for the reasons stated, part of State Auto's motion is converted to a motion for summary judgment and Anderson is directed to provide a factual response to the declaration attached to State Auto's motion (D.E. 10-2). Finally, Plaintiff and Plaintiff's counsel are ORDERED TO SHOW CAUSE why they should not be sanctioned for providing seemingly misleading statements of law to this Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining if dismissal is appropriate, the court "must accept the complaint's well-pleaded factual allegations

as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive, a complaint "must state a claim to relief that rises 'above the speculative level' and is 'plausible on its face.'" *Luis*, 833 F.3d at 625 (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because it is "context-specific," a court must rely upon its experience and common sense to ascertain whether a claim is plausible. *Creative Bus., Inc. v. Covington Specialty Ins. Co.*, 559 F. Supp. 3d 660, 665 (W.D. Tenn. 2021) (citing *Iqbal*, 556 U.S. at 679). "[I]f it appears beyond doubt that the plaintiff can prove no set of facts . . . that would entitle [them] to relief, . . . dismissal is proper." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 272 (6th Cir. 2016) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 515 (6th Cir. 1999)). Although a court typically should not regard matters outside the pleadings, it "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, [if] they are referred to in the complaint and are central to the claims contained therein . . . ." *Gavitt*, 835 F.3d at 640 (citations omitted).

However, if a motion to dismiss offers evidence not mentioned in the complaint, the court must convert the motion to one for summary judgment in order to consider the evidence. Fed. R. Civ. P. 12(d). Upon doing so, the court has an obligation to provide a reasonable opportunity for

2

the nonmoving party to present rebuttal proof. *Id.* A court is not required to provide an opportunity to respond, though, if the pleadings should have placed the nonmoving party on notice that the court might convert the motion to one for summary judgment. *See, e.g.*, *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105–06 (6th Cir. 2010) ("Where one party is likely to be surprised by the proceedings, notice is required, but generally, whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case.") (internal quotation marks omitted) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998)). For instance, in *Wysocki v. International Business Machine Corporation*, the Sixth Circuit found that where a party attached extrinsic evidence to a motion to dismiss and the motion noted the possibility of the court converting it to one for summary judgment, the nonmoving party was on notice of the need to respond. *Id.* at 1105. Likewise, in *Newsome v. Holiday Inn Express*, this Court held that the nonmoving party knew of the possibility of conversion where the motion referred to an attached affidavit and the Court had prompted the nonmoving party to provide a supplemental response with reference to evidence rebutting the moving party's affidavit. 803 F. Supp. 2d 836, 840 (W.D. Tenn. 2011).

## FACTUAL BACKGROUND

Anderson, who manages properties, owns the premises at 119 and 121 to 126 North Poplar Street in Dresden, Tennessee.[1] (D.E. 1-1 at PageID 13.) State Auto issued an insurance policy to Plaintiff covering those properties. (*Id.* at PageID 13–14.) On December 10, 2021, a tornado caused damage to the subject real properties. (*Id.* at PageID 14.) State Auto retained YA to serve as the adjuster for the claim, and two of YA's agents, consultant Chris Williams and engineer Matt

---

[1] The following facts are taken from Plaintiff's complaint and are accepted as true for purposes of Defendants' Rule 12(b)(6) motions.

Buckner, along with Anderson's public adjuster, inspected the property on May 4, 2022. (*Id.* at PageID 14–15.)

Subsequently, Buckner "issued a comprehensive report" that "refused to acknowledge or document blatant damages on all of the buildings after being advised of the same." (*Id.* at PageID 15.) Buckner's report noted that "no damage was observed" though there was visible damage. (*Id.* at PageID 21) (emphasis omitted). Likewise, Williams submitted an estimate of $93,741.36 for the damage. (*Id.* at PageID 15.) Williams provided his estimate with the inclusion that "no damage was observed" despite significant, visible damage to the metal canopy on the front of the building. (*Id.* at PageID 20) (emphasis omitted). Ultimately, State Auto made some payment to Plaintiff for the tornado damage. (*Id.* at PageID 14.)

Nevertheless, the repair estimates provided by Anderson's public adjuster and State Auto's adjuster "were markedly different." (*Id.*) Because State Auto's payments were deemed insufficient along with its refusal to retract the erroneous findings of Williams and Buckner, Plaintiff demanded an independent appraisal on July 15. (*Id.* at PageID 15.) In his demand, Anderson named "an impartial and competent appraiser . . . pursuant to the policy term of appraisal." (*Id.*)

State Auto, through adjuster Jennifer Stivers, responded in a letter dated July 22. (*Id.*) In it, she named an appraiser and made other remarks about the appraisal process. (*Id.*) Specifically, Stivers stated:

> While State Auto will proceed in accordance with the policy, there are genuine questions of coverage and State Auto reserves all rights under the Policy regarding coverage, including the right to maintain its coverage decisions outlined in this correspondence to you, the insureds and/or their agents, servants or employees. . . . Mr. Betts is authorized to retain any and all outside consultants he believes can assist in determining the amount of loss, and to the extent necessary in determining causation. . . . To the extent Mr. Betts is unable to obtain cooperation from your appraiser in compliance with the Policy conditions, he is further

>authorized to coordinate directly with the umpire to establish an appraisal protocol that sets the scope of the appraisal, and to submit his findings to the entire appraisal panel . . . Because you have invoked appraisal, be assured it is State Auto's intention to participate in good faith and work to resolve as many amounts of loss disagreements as possible. However, if an appraisal award is (1) made without authority, (2) the result of fraud, accident, or mistake, or (3) is not in compliance with the requirements of the Policy, it is not valid and can be overturned. To that end, you should be aware that knowingly including damages in an appraisal award that are not covered losses, or appointing an appraiser who is not "competent and impartial", may cause any appraisal or resulting award not to be in compliance with the Policy.

(*Id.* at PageID 18–19) (emphasis omitted).

Plaintiff initiated this action in the Chancery Court for the Twenty-Seventh Judicial District of Tennessee at Dresden on February 17, 2023. (*Id.* at PageID 13.) Defendants removed the lawsuit to this Court based on diversity of citizenship on March 27. (D.E. 1.) In the complaint, Plaintiff alleged breach of contract and a violation of the Tennessee Fraudulent Insurance Act[2] ("Act"), and sought the appointment of a qualified umpire for the appraisal and demanded compensatory and punitive damages. (D.E. 1-1.)

## ANALYSIS

I.  State Auto's Motion for Partial Dismissal

   a.  *Counts I & II*

State Auto moves to dismiss counts 1 and 2 of Plaintiff's complaint. (D.E. 10-3 at PageID 280–81.) Those counts, read together, seek the appointment of a qualified umpire under the policy. (D.E. 1-1 at PageID 16–17.) State Auto notes, however, that the appraisers previously selected by the parties had already chosen a qualified umpire; thus, counts 1 and 2 are moot. (D.E. 10-3 at PageID 280.) To support this assertion, State Auto attached to its motion a signed declaration of

---

[2] Based on the citation provided in the complaint, the appropriate name of the statute is the Unlawful Insurance Act. *See* Tenn. Code Ann. § 56-53-103.

5

the appraisers appointing an umpire, dated September 8, 2022. (D.E. 10-2.) State Auto maintains that the Court may consider this declaration because "Plaintiffs' [sic] [p]etition refers to and relies upon the [p]olicy and an Assignment of Insurance Claim." (D.E. 10-3 at PageID 279.) Anderson curiously responds that "[t]his claim is not moot as defendant suggests until money changes hands." (D.E. 27-1 at PageID 391) (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019)).

While State Auto is correct that Plaintiff referenced the insurance policy in the complaint, that is not the document at issue. Anderson did not mention the signed declaration in the complaint; thus, the Court cannot consider it on a Rule 12(b)(6) motion. The Court, nevertheless, finds that it is appropriate to convert this section of State Auto's motion to one for summary judgment in order to consider the evidence. Fed. R. Civ. P. 12(d).

State Auto's action to include and refer to the declaration as an attachment could have placed Plaintiff on notice that the Court might convert the pleading to one for summary judgment. Yet, unlike in *Wysocki*, State Auto never explicitly mentioned the possibility of conversion. 607 F.3d at 1105. Defendant, instead, only advocated that the Court was free to consider the declaration because Anderson mentioned the policy in the complaint. (D.E. 10-3 at PageID 279.) Similarly, unlike in *Newsome*, the Court has not had occasion to invite Plaintiff to submit a supplemental response to rebut the declaration. 803 F. Supp. 2d at 840. Thus, State Auto's motion to dismiss counts 1 and 2 is converted to one for summary judgment and Plaintiff has thirty days from entry of this order to file a rebuttal. A failure by Anderson to submit rebuttal proof may result in the Court granting State Auto's motion.

b. *Count V*

Defendant maintains that the Unlawful Insurance Act does not apply to it under the facts alleged because the Act only applies to insureds, which State Auto was not.[3] (D.E. 10-3 at PageID 281–82.) Plaintiff's response purports to quote the Act by stating, verbatim:

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional …….. in connection with an insurance transaction …… any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> …..
>
>     i. ……..
>
>     ii. A claim for payment or benefit pursuant to any insurance policy;
>
>     iii. Payments made in accordance with the terms of any insurance policy; or
>
> ………
>
> 2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-23-101 provides in relevant part that:

> 4. "Insurance professional" means ……….adjusters…………………

---

[3] Anderson's complaint includes only violations of Tennessee Code Annotated § 56-53-103(a)(1). (D.E. 1-1 at PageID 18–21.) While State Auto also discussed section 103(a)(2) in its motion, which applies to insurers in very limited circumstances that do not appear applicable here, the Court need not and does not analyze that provision because Plaintiff has not alleged that any party violated it.

> 5. "Insurance transaction" means a transaction by, between or among:
>
>     a. An insurer or a person who acts on behalf of an insurer; and
>
>     b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……
>
> 8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity;

(D.E. 27-1 at PageID 387–89.) State Auto notes, however, that this statutory recitation is not complete, and the omitted portions prevent Plaintiff from recovering. (D.E. 30 at PageID 415–17.) The Court agrees. *See Olympic Steakhouse v. W. World Ins. Grp.*, No. 1:23-cv-02191-JDB-jay, 2023 WL 6131092, at *6 (W.D. Tenn. Sep. 19, 2023) (holding, under similar circumstances, that the Unlawful Insurance Act applies only to insureds).

Section 103(a)(1) of the Act, contrary to Anderson's selective representation, applies only to insureds. Because Plaintiff has placed the language of the statute at issue, it is recited here in its entirety with the portions omitted by Anderson emphasized in bold text:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> > (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant** to **an insurer,** insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction,** any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

8

> **(A) The application for, rating of, or renewal of, any insurance policy;**
> (B) A claim for payment or benefit pursuant to any insurance policy;
> (C) Payments made in accordance with the terms of any insurance policy; or
> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added).[4] Despite the statute's text applying only to insureds, Plaintiff maintains that a Tennessee Court of Appeals case and a prior opinion of this Court have held that the Act applies to insurers. (D.E. 27-1 at PageID 390.) Anderson's interpretation of the caselaw is erroneous.

In *Craighead v. BlueCross BlueShield of Tennessee*, the Tennessee Court of Appeals noted in dicta that "[c]ivil liability was created for anyone who commits an 'unlawful insurance act' as defined by Tenn. Code Ann. § 56-53-103." No. M2007-01697-COA-R10-CV, 2008 WL 3069320, at *3 (Tenn. Ct. App. July 31, 2008). This statement, dicta or not, does not support Plaintiff's position. All *Craighead* says is that any person may be held civilly liable for violating the Act. *Id.* The case does not, in its use of the term "anyone," modify the statutory language defining a violation. The Act applies to insureds, claimants, or applicants. Tenn. Code Ann. § 56-53-103(a)(1). *Anyone* who is a member of those categories who commits an unlawful insurance act may be liable. *Id.* Likewise, Plaintiff's reliance on this Court's opinion in *Green v. Mutual of Omaha Insurance Company* is misplaced. No. 10-2487, 2011 WL 112735 (W.D. Tenn. Jan. 31, 2011). There, the Court was referring to section 103(a)(2), which applies to insurers and is not at issue here. *Id.* at *10. Accordingly, the caselaw cited by Anderson is unpersuasive.

---

[4] Remarkably, after misquoting the statute by omitting words, Anderson states in his response, "*Every word* of the statute will be given effect." (D.E. 27-1 at PageID 389) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011)) (emphasis added).

Consequently, the Act applies only to *insureds* and *their* representations to "insurer[s], insurance professional[s] or a premium finance company in connection with an insurance transaction or premium finance transaction . . . ." Tenn. Code Ann. § 56-53-103(a)(1). Plaintiff has not alleged facts showing that State Auto was acting as an insured or made any prohibited misrepresentations in that capacity. (D.E. 1-1.) Anderson, therefore, cannot prove that State Auto violated the Act on the facts pleaded. State Auto's motion to dismiss count 5 is granted.

II.  YA's Motion to Dismiss

YA moves to dismiss by contending that the only allegations made against it, if any, are those related to the actions of Williams and Buckner who Plaintiff alleges violated the Unlawful Insurance Act. (D.E. 13 at PageID 308–09.) Moreover, YA asserts that even if it could be held liable under the Act, Anderson failed to plead fraud with the required degree of particularity under Federal Rule of Civil Procedure 9(b). (*Id.* at PageID 310–13.) Plaintiff responds that the Act applies because of Williams' and Buckner's "unlawful insurance acts," which Anderson maintains are actionable. (D.E. 27-1 at PageID 391.) Further, Plaintiff notes in reply to YA's particularity argument that "[e]ach misrepresentation claim is documented as to the dates, the speaker, and what was said and to whom the misrepresentation was addressed." (*Id.*) YA's argument is well-taken, and its motion will be granted.

Counts 1 through 3 of the complaint are directed solely at State Auto because they relate to a contract for insurance, and Plaintiff was not in privity with YA. (D.E. 1-1 at PageID 14–15.) Count 4 seeks punitive damages, which is a remedy and not a standalone cause of action. *See, e.g.*, *Hutchison v. Pyburn*, 567 S.W.2d 762, 765 (Tenn. Ct. App. 1977); *Williams v. N.Y. Times Broad. Servs., Inc.*, 1988 WL 27257, at *2 (Tenn. Ct. App. Mar. 23, 1988). Thus, the only claim against YA advanced by Anderson, if any, must be in count 5.

10

As noted above, section 103(a)(1) of the Unlawful Insurance Act applies only to insureds. *See* Tenn. Code Ann. § 56-53-103(a)(1). YA was retained for inspection and estimate services that were provided by Williams and Buckner, agents of YA, on behalf of an insurer, State Auto. (D.E. 1-1 at PageID 14–15, 20–21.) Plaintiff has not pleaded any facts, with particularity or otherwise, showing that YA was an insured. Accordingly, the Act does not apply to YA's actions and its motion is granted.

III.   EMA's Motion to Dismiss

EMA moves to dismiss the claims against it because the complaint is devoid of allegations against EMA and all causes of action are directed at other Defendants. (D.E. 11 at PageID 289.) Indeed, EMA notes that the complaint's only mention of it is in the style. (*Id.*) Anderson's response fails to reference EMA or the arguments advanced in its motion other than its inclusion in the style. (D.E. 27-1.) Meanwhile, Plaintiff's response articulates that Anderson can maintain an action against State Auto, Buckner, and Williams—omitting EMA.[5]

As noted, a complaint is required to plead sufficient, non-conclusory, facially plausible allegations against each defendant. *See, e.g.*, *Luis*, 833 F.3d at 625–26. By failing to mention EMA or its agents even once in the body of the complaint, Anderson has failed to do so. There are no pleaded facts that would provide Anderson a basis to recover from EMA. Therefore, Plaintiff has failed to state a claim against EMA and its motion to dismiss is GRANTED.

IV.   Order to Show Cause for Misleading the Court

Tennessee Rule of Professional Conduct 3.3(a), as adopted by this Court, provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal. . . ." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1); *see* LR 83.4(g). Likewise, Federal Rule of Civil Procedure 11 declares

---

[5] Buckner and Williams are not parties to this action. *See* (D.E. 36.)

11

that attorneys who submit pleadings to a court are certifying that the legal claims presented are warranted by the law or are nonfrivolous arguments to extend or change the law. Fed. R. Civ. P. 11(b)(2). The Rule permits a court to impose sanctions—on a motion or its own initiative—against violators. Fed. R. Civ. P. 11(c).

Here, Plaintiff's counsel omitted significant, relevant portions of the Unlawful Insurance Act in pleadings signed and submitted to this Court. Those omissions materially changed the statute in Anderson's favor. Without the omissions, the Act clearly applies only to insureds, not insurers or their agents. Furthermore, to shore up Anderson's position, Plaintiff's counsel cited to two cases that did not say what he claimed. Notably, when Defendants highlighted that Anderson had misquoted the Act in a way that skewed its meaning in Plaintiff's favor, Anderson's counsel doubled down and submitted a response with the incorrect statutory language again.

While a genuine argument about the interpretation of a law is not typically misconduct, a party or counsel's repeated, blatant modification of a statute and misrepresentation of precedent to support that modification is improper.[6] Therefore, Anderson and Anderson's counsel are ordered to show cause within fourteen days why they should not be sanctioned for misleading the Court.

## CONCLUSION

Accordingly, the motions to dismiss filed by EMA (D.E. 11) and YA (D.E. 12) are GRANTED and this action is DISMISSED with prejudice as to them. Moreover, State Auto's motion to dismiss count 5 of Plaintiff's complaint against it is GRANTED and Count 5 is

---

[6] This is not the only case in which Plaintiff's counsel has advanced this modified version of the Unlawful Insurance Act to this Court. *See, e.g.*, *Olympic Steakhouse v. W. World Ins. Grp.*, 1:23-cv-02191-JDB-jay (W.D. Tenn.). In fact, District Judge S. Thomas Anderson, finding Plaintiff's counsel "clearly made a misrepresentation to the Court as to the language of the [Act]," recently "strongly caution[ed]" Plaintiff's counsel against further misleading the Court. *See Anderson Eye Care of W. Tenn. v. Auto-Owners Ins. Co.*, No. 1:23-cv-01092-STA-jay, 2023 WL 6612519, at *3 (W.D. Tenn. Oct. 10, 2023).

DISMISSED with prejudice. State Auto's motion to dismiss counts 1 and 2 of Anderson's complaint is converted to a motion for summary judgment. Consequently, Plaintiff is directed to respond to State Auto's evidence (D.E. 10-2) within thirty days.

Furthermore, Plaintiff and Plaintiff's counsel are ORDERED TO SHOW CAUSE in writing within fourteen days of entry of this order why this Court should not sanction them for misleading the Court.

Finally, because State Auto is the only remaining Defendant and Anderson's complaint acknowledges that "State Auto . . . is a foreign corporation" (D.E. 1-1 at PageID 14), Plaintiff's pending motion to remand (D.E. 25) is DENIED as moot.

IT IS SO ORDERED this 12th day of October 2023.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE