IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GWIN ANDERSON, OD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01047-JDB-jay |
| | ) | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER IMPOSING SANCTIONS FOR MISLEADING THE COURT

Before the Court is the response of Plaintiff, Gwin Anderson, O.D., and Plaintiff's counsel, Drayton Berkley (Docket Entry ("D.E.") 39), to an order to show cause (D.E. 38). For the following reasons, Plaintiff's counsel is referred to Disciplinary Counsel for the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR").

**PROCEDURAL HISTORY**

Anderson initiated this action against Defendant, State Automobile Mutual Insurance Company ("State Auto"), among others, in the Weakley County, Tennessee, Chancery Court on February 17, 2023. (D.E. 1-1 at PageID 13.) Defendant removed the case to this Court. (D.E. 1.) Among other claims, Plaintiff alleged State Auto, acting as an insurer, violated the Fraudulent Insurance Act, which is codified at Tennessee Code Annotated § 56-53-103(a)(1).[1] (D.E. 1-1 at PageID 18–21.) Defendant moved for partial dismissal on April 3. (D.E. 10.) State Auto contended that the Act, by its plain language, did not apply to insurers. (D.E. 10-3 at PageID 281–

---

[1] This statute is correctly titled the Unlawful Insurance Act ("Act"). *See* Tenn. Code Ann. § 56-53-103.

85.) Anderson responded on May 1. (D.E. 27.) Plaintiff's response purported to quote directly from the Act as follows:

> Tenn. Code Ann. § 56-53-103 provides in relevant part that:
>
>> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>>
>> a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional …….. in connection with an insurance transaction …… any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>> …..
>>
>>> i. ……..
>>>
>>> ii. A claim for payment or benefit pursuant to any insurance policy;
>>>
>>> iii. Payments made in accordance with the terms of any insurance policy; or
>>
>> ………

(D.E. 27-1 at PageID 387–88.) However, this recitation is misleading. With the omitted portions emphasized in bold typeface, § 103(a)(1) actually says:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant** to **an insurer,** insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction,** any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

> **(A) The application for, rating of, or renewal of, any insurance policy;**
> (B) A claim for payment or benefit pursuant to any insurance policy;
> (C) Payments made in accordance with the terms of any insurance policy; or
> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added). Acknowledging these discrepancies, the undersigned ordered Anderson and Berkley to show cause why they should not be sanctioned for misleading the Court. (D.E. 38 at PageID 473–74.) Berkley responded on October 26. (D.E. 39.)

Notably, following the briefing in this case, Berkley became subject to a show cause order issued on August 10, 2023, by District Judge S. Thomas Anderson for allegedly misleading the Court based on the same misleading quotation of the same statute. *See Anderson Eye Care of W. Tenn. v. Auto-Owners Ins. Co.*, No. 23-cv-01092 (W.D. Tenn. Aug. 10, 2023), D.E. 17. After a hearing, Judge Anderson found:

> In this case, Attorney Berkley, on behalf of Plaintiff, clearly made a misrepresentation to the Court as to the language of the statute and that misrepresentation was material to the issue before the Court, *i.e.*, whether [Defendant] was fraudulently joined as a defendant. Attorney Berkley made no effort to correct his alteration of the statute, even when Defendant brought it to his attention and labeled it as a "misrepresentation."

*Anderson Eye Care of W. Tenn. v. Auto-Owners Ins. Co.*, No. 23-cv-01092, 2023 WL 6612519, at *3 (W.D. Tenn. Oct. 10, 2023). Judge Anderson held that Berkley had failed to show good cause and "strongly caution[ed]" Berkley against making further misrepresentations. *Id.*

Likewise, the undersigned issued an order on September 19 that put Berkley on notice that his statutory recitation was misleading. *See Olympic Steakhouse v. W. World Ins. Grp.*, No. 23-cv-02191, 2023 WL 6131092, at *4–6 (W.D. Tenn. Sept. 19, 2023). There, the Court also held that the Act did not apply to insurers while also directing Berkley to show cause for misleading the Court. *Id.* Following Berkley's response, the undersigned referred him to the BPR. *See*

3

*Olympic Steakhouse v. W. World Ins. Grp.*, No. 23-cv-2191, 2023 WL 6962711 (W.D. Tenn. Oct. 20, 2023).

## STANDARD FOR IMPOSING SANCTIONS

I.   Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 11(c) authorizes courts to impose sanctions where a party or counsel has submitted a pleading containing "claims, defenses, and other legal contentions [not] warranted by existing law or . . . a []frivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). Before penalizing a litigant *sua sponte*, a court must allow the offending party to show cause why they should not be sanctioned. Fed. R. Civ. P. 11(c)(3). A court should adapt sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Penalties include "nonmonetary directives" or "an order to pay a penalty into court." *Id.* Another permissible sanction is referring offending counsel for disciplinary action. *See, e.g.*, *King v. Whitmer*, 71 F.4th 511, 533 (6th Cir. 2023).

II.   Rules of Professional Conduct

This Court has adopted "the Rules of Professional Conduct as . . . currently promulgated and amended by the Supreme Court of Tennessee" for all attorneys practicing before the Court. LR 83.4(g). If an attorney has willfully violated any Rule of Professional Conduct, the Court may impose appropriate discipline. LR 83.4(g)(1). The process for doing so is outlined in a 1980 administrative order. *See id.*; Ord. Adopting Rules of Disciplinary Enf't, No. 80-1 (W.D. Tenn. Sep. 29, 1980) [hereinafter "AO 80-1"]. Under those procedures, if a judge concludes that an attorney has engaged in misconduct, "the Judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding . . . ." AO 80-1 at 4. Counsel for such a

4

referral is the "Disciplinary Board of the Supreme Court of Tennessee." *Id.* at 7. Tennessee Rule of Professional Conduct 3.3(a)(1) provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal . . . ." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1).

## ANALYSIS

Berkley now concedes that the statute does not apply to insurers; this mea culpa is too late. (D.E. 39 at PageID 476–77.) In his response, counsel recites the chronology of this litigation in relation to the other show cause and substantive orders issued by this Court regarding the Unlawful Insurance Act advanced by him in other cases. (*Id.*) Berkley avers that he filed the incomplete statutory language in the instant case on May 1 and Judge Anderson did not order him to show cause until August 10. (*Id.* at PageID 476.) Likewise, the undersigned did not hold, on the merits, that the Unlawful Insurance Act does not apply to insurers until September 19. (*Id.*) Finally, the undersigned did not sanction counsel for knowingly and willfully misleading the Court in *Olympic Steakhouse* until October 20. (*Id.* at PageID 477.) Consequently, Berkley argues that his misrepresentation here was not knowing because he did not have the benefit of those other orders when he filed the statutory recitation in this case in May.[2] (*Id.*) This argument is unpersuasive.

The Court previously sanctioned Berkley based on finding that he was on notice of the misrepresentation because he filed the incomplete statutory language after Judge Anderson's show cause order. *See Olympic Steakhouse*, 2023 WL 6962711, at *3–4. To the extent counsel suggests that this case is distinguishable, he is correct. His conduct in *Olympic* was more obvious in that

---

[2] Counsel also indicates that any sanctions should be imposed against him instead of his client because his client was innocent of these misrepresentations. (D.E. 39 at PageID 477.) As it did in *Olympic Steakhouse*, the Court will impose sanctions only on Berkley. *See* 2023 WL 6962711, at *4.

5

he filed his offending pleading *after* the Court put him on notice of his misrepresentations. But that does not foreclose sanctions here.

Berkley is culpable for willfully failing to withdraw his misleading claims for months after learning that his statutory recitation was a misrepresentation of the law. He still has not withdrawn his misleading claim beyond conceding that this Court has held the Act does not apply to insurers. (D.E. 39 at PageID 477.) Berkley could have filed a pleading informing the Court of his error or voluntarily dismissing his Unlawful Insurance Act claim against State Auto. He did neither; he took no action to rectify his misrepresentation. Therefore, Berkley has not shown good cause for misrepresenting the law to the Court. The undersigned also finds that Berkley's statutory recitation was knowing and willful because he knew or should have known that his claims were unwarranted by the law given the numerous orders of this Court making that clear. Sanctions, consequently, are warranted. *See* Fed. R. Civ. P. 11(c); LR 83.4(g)(1); AO 80-1.

The Court is tasked with carefully tailoring a sanction that will deter this type of conduct in the future. Fed. R. Civ. P. 11(c)(4). While other sanctions such as an order to pay a penalty or dismissal of this action may be appropriate, the undersigned finds that those would not be the best deterrent to this specific misconduct by an attorney. Likewise, given that Berkley was on notice of his misrepresentations and failed to rectify them, further warning does not appear likely to remedy the misbehavior. Therefore, to ensure a thorough inquiry into Berkley's misconduct and to deter this action in the future, Berkley will be referred to the BPR's Disciplinary Counsel.

## CONCLUSION

Accordingly, the Court SANCTIONS Plaintiff's counsel. Based on this Court's finding that Berkeley has willfully violated Federal Rule of Civil Procedure 11(b)(2) and Tennessee Rule of Professional Conduct 3.3(a)(1), Berkley will be referred to the BPR's Disciplinary Counsel.

The Clerk is DIRECTED to transmit a copy of this order to the BPR.  Finally, Berkley shall notify this Court within fourteen days of any BPR adjudication related to this referral.

IT IS SO ORDERED this 16th day of November 2023.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE