IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GWIN ANDERSON, OD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01047-JDB-jay |
| | ) | |
| STATE AUTOMOBILE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING STATE AUTO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is the motion of Defendant, State Automobile Mutual Insurance Company ("State Auto"), for summary judgment on counts I and II of Plaintiff, Gwin Anderson, O.D.'s, complaint. (Docket Entry ("D.E.") 10.) Plaintiff has not responded. For the following reasons, Defendant's motion is GRANTED.

**PROCEDURAL BACKGROUND**

On April 3, 2023, State Auto moved to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Fed. R. Civ. P.").[1] (D.E. 10.) To its motion, Defendant attached a declaration of the parties' appraisers and their selected umpire. (D.E. 10-2.) The declaration indicates that the parties have chosen a qualified umpire to conduct an appraisal, which is the relief requested in counts I and II. (*Id.*; D.E. 1-1 at PageID 16–17.) On October 12, acknowledging that it could not consider the evidentiary submission on a motion to dismiss, the Court converted Defendant's motion to one for summary judgment under Fed. R. Civ. P. 12(d) and directed Anderson to respond within thirty days. (D.E. 38 at PageID 468.) Plaintiff has failed to do so.

---

[1] The Court has previously detailed the facts in this action. (D.E. 38 at PageID 465–67.)

## STANDARD OF REVIEW

I. <u>Summary Judgment Standard</u>

Fed. R. Civ. P. 56 provides, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute of a material fact is genuine so long as 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Thacker v. Ethicon, Inc.*, 47 F.4th 451, 458 (6th Cir. 2022) (quoting *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020)). Stated differently, a genuine dispute exists where "a reasonable factfinder could resolve [the factual question] either way." *Jordan v. Howard*, 987 F.3d 537, 542 (6th Cir. 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

At summary judgment, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Shumate v. City of Adrian*, 44 F.4th 427, 438 (6th Cir. 2022) (internal quotation marks omitted) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)). "If the evidence would allow a reasonable jury to find in favor of a non-moving party, summary judgment may not be granted." *Id.* (citing *Anderson*, 477 U.S. at 248). "Moreover, 'in reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited.'" *Thacker*, 47 F.4th at 459 (quoting *Kirilenko-Ison*, 974 F.3d at 660).

II. <u>Failure to Respond to Factual Submission on Summary Judgment</u>

On summary judgment, a plaintiff "can no longer rest on allegations alone[.]" *Reform Am. v. City of Detroit*, 37 F.4th 1138, 1148 (6th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 448 (2022). "[C]onclusory allegations, speculation, and unsubstantiated

2

assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "[T]o defeat summary judgment, the party opposing the motion *must present affirmative evidence* to support its position; a mere 'scintilla of evidence' is insufficient." *Id.* (emphasis added) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003)). Furthermore, Rule 56(e) provides:

> If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). Meanwhile, Rule 56(c) declares that a party contending that a fact is not or cannot be genuinely disputed must support that contention with specific citations to the record, which may include, as relevant here, "affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A).

## ANALYSIS

State Auto argues it is entitled to dismissal of counts I and II because those counts seek the appointment of a qualified umpire and the parties have already done so. (D.E. 10-3 at PageID 280–81.) Anderson has declined to respond. State Auto's motion will be granted.

Federal courts have limited jurisdiction. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978)). They may only exercise authority to the extent permitted by the United States Constitution and granted by Congress. *Id.* (citing *Owen Eqip. & Erection Co.*, 437 U.S. at 372). The Constitution demands

that federal courts only decide "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1.  As such, at the time a federal court adjudicates a matter, it must still be a "live case or controversy."  *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)).  An action that does not present a case or controversy is considered moot and subject to dismissal.  *Id.* (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)).  "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."  *Id.* (internal quotation marks omitted) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).  Finally, "[t]he heavy burden of demonstrating mootness rests on the party claiming mootness."  *Id.* (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001)).

Here, State Auto attached to its motion a declaration of the parties' appraisers and their selected umpire, who has attested to being qualified to serve in that capacity.  (D.E. 10-2.)  Counts I and II, read together, ask the Court to appoint a qualified umpire.  (D.E. 1-1 at PageID 16–17.)  Without any factual rebuttal or argument from Anderson, despite Plaintiff having ample opportunity to produce such a response, the Court accepts as undisputed that the parties have selected appraisers and a qualified umpire.  *See* Fed. R. Civ. P. 56(e)(2).  The Court, thus, cannot provide meaningful relief for counts I and II because Plaintiff has already realized the relief sought.  *See Sullivan*, 920 F.3d at 410.  Therefore, State Auto is entitled to partial summary judgment.[2]

---

[2] Because Plaintiff did not produce a response to Defendant's declaration, the Court is entitled to grant Defendant's motion because "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

4

## CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment is GRANTED. Counts I and II of the complaint are DISMISSED with prejudice.[3]

IT IS SO ORDERED this 17th day of November 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] The Court previously dismissed count V on State Auto's motion for partial dismissal. (D.E. 38 at PageID 472, 474–75.) State Auto did not seek dismissal of counts III and IV. (D.E. 10.) Accordingly, Anderson may only proceed on those two counts. (D.E. 1-1 at PageID 17–18.)