IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GWIN ANDERSON, OD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01047-JDB-jay |
| ) | |
| STATE AUTOMOBILE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
|     Defendant. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

    On July 3, 2024, Plaintiff, Gwin Anderson, moved to voluntarily dismiss this matter without prejudice, stating as justification "that the client's need to work to generate funds is causing severe scheduling conflicts as well as the number of cases to handle." (Docket Entry ("D.E.") 57-1 at PageID 659.)  Defendant, State Automobile Mutual Insurance Company ("State Auto") responded that it has been prejudiced by the actions of Plaintiff and Plaintiff's counsel and will suffer further prejudice if the motion is granted and Plaintiff refiles his claims. (D.E. 59.)  The undersigned subsequently referred Plaintiff's motion to the United States magistrate judge for a report and recommendation.  (D.E. 60.)

    On October 24, 2024, Magistrate Judge Jon A. York recommended that Plaintiff be permitted to voluntarily dismiss his action WITHOUT prejudice, subject to certain conditions. Those conditions are as follows:

1. Before Anderson institutes a subsequent action against State Auto asserting the breach of contract claim that was the subject of the instant lawsuit, Anderson must pay State Auto's expenses, costs, and fees associated with removing this

    matter from the Chancery court for the Twenty-Sixth Judicial District of Tennessee at Dresden, and for its preparation of its Motion to Dismiss (D.E. 10), its Reply to Plaintiff's Response in Opposition to Motion to Dismiss (D.E. 30), and its Response in Opposition to Plaintiff's Motion to Remand. (D.E. 29.)
2. Should Anderson refile the remaining breach of contract claim, it must be refiled in the United States District Court for the Western District of Tennessee, Eastern Division; and
3. The refiled suit must be reviewed by a magistrate judge and receive certification that the suit contains no frivolous or previously dismissed claims, or that it has been filed for any improper purpose, before summons may be issued for State Auto.

(D.E. 61 at PageID 682–83.) At the end of the Report and Recommendation, the Magistrate Judge notified the parties that if they disagreed with the recommendation, they were required to file an objection within 14 days. (*Id.* at PageID 683.) Judge York added that "failure to file [an objection] within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal." (*Id.* (emphasis omitted)) The parties have filed no objections to the magistrate judge's report and recommendation and the time for doing so has expired.

    Upon review of the record, the report and recommendation is ADOPTED. This matter is DISMISSED WITHOUT PREJUDICE subject to the conditions stated above.

    IT IS SO ORDERED this 3rd day of January 2025.

                                                      s/ J. DANIEL BREEN
                                                     UNITED STATES DISTRICT JUDGE